**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**UNITED STATES OF AMERICA,**

                              **Plaintiff,**

          **v.**

**$125,000.00 in U.S. Currency,**

                              **Defendant.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Civil No.** 1:10-CV-1405
(  GLS/RFT    )

## VERIFIED COMPLAINT OF FORFEITURE IN REM

Plaintiff, United States of America, by its attorneys, Richard S. Hartunian, United States Attorney for the Northern District of New York, and Thomas A. Capezza, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

## NATURE OF ACTION

1.     This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: $125,000.00 in U.S. Currency involved in violation of 21 U.S.C. § 881, Proceeds of Title 21 violations.

## THE DEFENDANT IN REM

2.     The defendant properties consist of the following: $125,000.00 in U. S.

Currency seized from within a Silver Chrysler Mini-van, rental car *(hereinafter referred to as defendant currency)* on or about June 3, 2010, New Paltz, New York. The vehicle was driven by Ronald J. Amadeo *(hereinafter referred to as Amadeo)*.

3.    The defendant currency is presently in the custody of the Drug Enforcement Administration.

## PROPERTY SEIZED

4.    The total defendant currency seized from within a large black duffel bag amounted to $125,000.00 in U.S. Currency, consisting of the following denominations: $100 x 601, $50 x 221, $20 x 2651, $10 x 80, $5 x 5 and $1 x5.

## JURISDICTION AND VENUE

5.    Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant currency.  This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. §1355(a).

6.    This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b).  Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(C).

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1355 and 1395, because the acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

8.      The defendant currency is subject to forfeiture pursuant to 21 U.S.C. §

881(a)(6) because it constitutes:

a) money, negotiable instruments, securities and other things of value furnished or

intended to be furnished in exchange for a controlled substance or listed

chemical in violation of this subchaper; and/or

b) proceeds traceable to such an exchange; and/or

c) money, negotiable instruments, and securities used and intended to be

used to facilitate any violation of this subchapter.

## FACTS

9.      On or about June 3, 2010, a New Paltz police officer made a vehicle stop

of a Silver Chrysler mini-van traveling westbound on State Route 299, for use of a cell

phone while driving.

10.      The officer asked the driver to provide his driver's license, registration

and proof of insurance, to which the driver responded that he had left his wallet at home

in Killington, Vermont and the vehicle was a rental.

11.      The driver, subsequently indentified as Ronald Amedeo, Jr. (*hereinafter*

*Amedeo),* stated that he was coming from Killington, Vermont and was headed to New

York City.  When asked why he was in New Paltz, Amadeo stated that he had gotten off

the New York State Thruway to get something to eat and was just coming from the

"College Diner" located just off the New Paltz exit.

12.      During the initial interview with the New Paltz police officer, two New

York State Police officers (*hereinafter NYSP*) arrived at the scene to assist.  Since

Amadeo had no identification, the New Paltz officer went confirm his name and date of birth while the NYSP Officers continued to interview Amadeo.

13.     Since Amadeo had no wallet, the NYSP officers asked how he paid for his food. Amadeo stated that he had some money in the center console of the vehicle. Amadeo then gave permission for the NYSP officers to check the center console.

14.     During the check of the center console officers located $246.00 and noticed the smell of marijuana. Amadeo was asked about the odor of marijuana and why his lighter smelled of marijuana. Amadeo initially stated that he did not know. Officers then followed up with more questions: When had he smoked marijuana last? Amadeo did not respond and the officer then asked if it was, two hours, two days, two months? Amadeo responded that it was two days since he smoked. Amadeo was then asked if there was any marijuana in the vehicle. He responded that there was a little bit of marijuana in his small black bag on the front seat. Upon checking the black bag, officers located a quantity of marijuana, later determined to be approximately 2.1 grams, along with a glass pipe containing marijuana residue were found.

15.     Amadeo was taken into custody and a search of the vehicle was conducted. During the search a large black bag was located in the "stow and go" area of the front set of rear seats. Inside the large black bag officers located a quantity of U.S. currency, rubber band bound, "bricks" of money, consistent with drug proceeds. The K-9 unit was then called for a vehicle search.

16.     The K-9 gave a positive indication to the odor of narcotic substance on 3 areas of the exterior of the vehicle. A K-9 interior search was conducted and the K-9 also gave a positive response to the bag containing the defendant currency.

17.     The K-9 also gave a positive indication when given a controlled test at the

New Paltz Police station. The defendant currency was placed in a clean cardboard box and mixed with 3 other empty clean cardboard boxes. A fifth box contained a control amount of currency. The only box the K-9 alerted to was the one containing the defendant currency.

18.     In addition to the currency the following was also found in the vehicle:

a.     A notebook found in the vehicle, containing handwritten pages with number amounts being added and subtracted and names, consistent with a log book used for drug sales.

c.     5 Cell phones.

e.     A parking ticket from the City of New York for the same date: June 3, 2010 at 7:08 a.m.

19.     Amadeo made conflicting statements about where he was going to and where he was coming from: When first stopped he told officers he was coming from Killington Vermont and heading to "The City". Upon further questioning Amadeo told officers that he had just picked up the defendant currency from his childhood home in Long Island.

20.     The defendant currency was seized by the Drug Enforcement Administration.

## POTENTIAL CLAIMANTS

21.     On or about August 24, 2010, the Drug Enforcement Administration received an Administrative Claim from Ronald L. Kuby, Esq. on behalf of his client, Ronald J. Amadeo, Jr., for the defendant currency.

22. Upon information and belief, the person/s who may claim an interest in the defendant properties are not in the military service, are not infants or incompetent persons and are as follows:

*Ronald J. Amadeo, Jr.*
*P.O. Box 1013*
*Killington, VT 05751*

*Ronald J. Amadeo, Jr.*
*c/o Ronald L. Kuby, Esq.*
*Law Office of Ronald Kuby*
*119 West 23rd Street, Suite 900*
*New York, New York 10011*

**WHEREFORE**, the United States of America prays that process of issue in due form of law, according to the course of this Court in actions *in rem*, against the defendant currency and that a warrant issue for the arrest of the defendant as more particularly described herein; that all persons having any interest therein be cited to appear herein and answer the complaint; that a judgment be entered declaring the defendant condemned and forfeited to the United States of America for disposition in accordance with law; that the costs of this suit be paid to and recovered by the United States of America; and that the

United States be granted such other and further relief as this Court may deem just

and proper.

UNITED STATES OF AMERICA
**RICHARD S. HARTUNIAN**
**Northern District of New York**
**215 James T. Foley Courthouse**
**445 Broadway**
**Albany, New York 12207**
**Telephone: (518) 431-0247**

By:

**Thomas A. Capezza**
**Assistant U. S. Attorney**
**Bar Roll No. 503159**

## VERIFICATION

STATE OF NEW YORK            )

                             ) SS:

COUNTY OF                    )


**David Dugatkin**, being duly sworn, deposes and states:

I am a Detective with the New Paltz Police Department.  I have read the

foregoing Complaint for Forfeiture and assert that the facts contained therein are true to

the best of my knowledge and belief, based upon knowledge possessed by me and/or on

information received from other law enforcement officers.


Dated:

_____
Detective David Dugatkin
New Paltz Police Department


Sworn to before me this
18th day of October, 2010.
November

_____
Notary Public

THERESA M. HART
Notary Public, State of New York
No. 01HA6120302
Qualified in Ulster County
Commission Expires Dec. 20, 20___